UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT HENRY,

               Petitioner,

                                   CASE NO. 04-CV-72212-DT
v.                                  HONORABLE AVERN COHN

MILLICENT WARREN,

               Respondent.

_____/

**MEMORANDUM AND ORDER DISMISSING AMENDED PETITION**
**FOR WRIT OF HABEAS CORPUS**

### I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Before the Court is Petitioner's

amended habeas corpus petition which raises one claim regarding sentencing.  As will

be explained, the claim is not cognizable on habeas review and also lacks merit.

Accordingly, the petition will be dismissed.

### II.  Background

On June 10, 2002, Petitioner pleaded guilty in Oakland County Circuit Court to

one count of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a)

(sexual penetration with a person under thirteen years of age), and one count of

second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(a) (sexual

contact with a person under thirteen years of age).  In return, the prosecutor dismissed

a second case, which charged Petitioner with second-degree criminal sexual conduct in

connection with a different victim.

The trial court initially sentenced Petitioner to concurrent terms of eight to twenty years for first-degree criminal sexual conduct and eight to fifteen years for second-degree criminal sexual conduct. Petitioner successfully moved for resentencing on the ground that the trial court had exceeded the sentencing guidelines on Count II without stating any reasons for deviating from the guidelines. On November 13, 2002, the trial court resentenced Petitioner on Count II to imprisonment for a minimum term of fifty months and a maximum term of fifteen years.

Petitioner applied for leave to appeal, raising three claims as follows: (1) offense variable 13 was incorrectly scored; (2) his sentences violated the principle of proportionality; and (3) his sentenced constituted cruel and unusual punishment. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," People v. Henry, No. 245014 (Mich. Ct. App. Jan. 14, 2003). Petitioner presented the same claims to the Michigan Supreme Court which denied leave to appeal in a standard order. People v. Henry, 409 Mich. 863 (2003).

Petitioner raised the same three claims in a habeas corpus petition filed in this Court on July 7, 2004. Because he had not exhausted state remedies for his second and third claims, the Court dismissed the two unexhausted claims and stayed his exhausted first claim. The Court gave Petitioner the option of returning to state court to pursue state remedies for his unexhausted claims or to amend his habeas petition by deleting his unexhausted claims. See Opinion and Order Staying Petitioner's First Claim, Dismissing the Unexhausted Claims, and Closing the Case for Statistical Purposes, filed March 9, 2005. Petitioner opted to file an amended petition, which contains only the exhausted claim.

### III.  Discussion

### A.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law, or it may be summarily dismissed.  See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  A federal court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief.  See McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970); see also Robinson v. Jackson, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

### B.

Petitioner's sole claim is that the trial court mis-scored offense variable 13 of the Michigan sentencing guidelines.  Petitioner contends that he was penalized for the case that was dismissed pursuant to the plea agreement.

Questions of state sentencing law and the scoring of state sentencing guidelines are not cognizable on federal habeas corpus review.  Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).  As the Court of Appeals for the Sixth Circuit explained:

> [a] state court's alleged misinterpretation of state sentencing guidelines
> and crediting statutes is a matter of state concern only.  Travis v. Lockhart,

925 F.2d 1095, 1097 (8th Cir.1991); <u>Branan v. Booth</u>, 861 F.2d 1507,
1508 (11th Cir.1988). "[F]ederal habeas corpus relief does not lie for
errors of state law." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67, 112 S.Ct. 475,
116 L. Ed.2d 385 (1991) (quoting <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780, 110
S. Ct. 3092, 111 L. Ed.2d 606 (1990)).

<u>Howard v. White</u>, 76 Fed. Appx. 52, 53, 2003 WL 22146139, at \*\*2 (6th Cir. Sept. 16,

2003) (unpublished). "In conducting habeas review, a federal court is limited to deciding

whether a conviction violated the Constitution, laws, or treaties of the United States."

<u>McGuire</u>, 502 U.S. at 68 (citing 28 U.S.C. § 2241 and <u>Rose v. Hodges</u>, 423 U.S. 19, 21

(1975) (per curiam)).

The only constitutional issue posed by Petitioner's claim is whether the trial court

violated Petitioner's constitutional right to due process by sentencing him on the basis of

inaccurate information. Due process is violated when the sentencing judge relies on

extensively and materially false information, which the petitioner had no opportunity to

correct. <u>Townsend v. Burke</u>, 334 U.S. 736, 741 (1948).

Offense variable 13 requires a sentencing court to determine whether the offense

was part of a continuing pattern of criminal behavior. <u>See</u> Mich. Comp. Laws § 777.43.

Twenty-five points must be assessed if "[t]he offense was part of a pattern of felonious

criminal activity involving 3 or more crimes against a person." Mich. Comp. Laws §

777.43(1)(b). "For determining the appropriate points under this variable, all crimes

within a 5-year period, including the sentencing offense, shall be counted regardless of

whether the offense resulted in a conviction." Mich. Comp. Laws § 777.43(2)(a).

Petitioner was assessed twenty-five points for three crimes within a five-year

period. Two of the crimes were the ones to which he pleaded guilty, and the third crime

was charged in the case that was dismissed pursuant to plea negotiations.

4

Petitioner contends that the trial court relied on an unproven allegation when it took into consideration the dismissed case. The Supreme Court, however, has stated that a sentencing court may consider a wide range of factors in determining the applicable sentencing guideline range, including "conduct of which a defendant has been acquitted." United States v. Watts, 519 U.S. 148, 154 (1997).[1] Although Petitioner was not acquitted of the disputed third crime following a trial, the dismissal of the crime is comparable to an acquittal.

Furthermore, under state law, all crimes may be counted when assessing offense variable 13, "regardless of whether the offense resulted in a conviction." Mich. Comp. Laws § 777.43(2)(a). Petitioner objected to the scoring of offense variable 13 at his sentencing and at the resentencing. The trial court determined that the offense variable was properly scored, and the Michigan Court of Appeals found no merit in the claim raised on appeal.

Under these circumstances, Petitioner was not sentenced on the basis of "misinformation of constitutional magnitude," or on "extensively and materially false" information, which he had no opportunity to correct. Therefore, the Michigan Court of Appeals' conclusion that Petitioner's claim lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. 28

---

[1] This principle remains true even though Watts was decided before the Supreme Court held in United States v. Booker, 543 U.S. 220 (2005), and in other Supreme Court decisions that a court may not "sentence a defendant above an offense's statutory maximum by finding facts not authorized by the jury's verdict." United States v. Brika, __ F.3d __, __, No. 05-4537, 2007 WL 1483718, at *8 (6th Cir. May 23, 2007).

U.S.C. § 2254(d).  Accordingly, Petitioner's amended petition is DISMISSED.

SO ORDERED.


 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  July 10, 2007


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Vincent Henry, 417373, Mid-Michigan Correctional Facility, 8201 N. Croswell, St. Louis, MI 48880 on this date, July 10, 2007, by electronic and/or ordinary mail.


 s/Julie Owens
Case Manager, (313) 234-5160